**Leodis GRANDHAM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 50095.**

Court of Criminal Appeals of Texas.

Sept. 23, 1975.

Rehearing Denied Oct. 22, 1975.

---

Paul P. Riley and John R. Vorhies, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky, Les Eubanks and Robert Prather, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

Appellant was tried before a jury for the offense of rape by force, threats and fraud committed on September 5, 1973. At the punishment stage of the trial on January 31, 1974, appellant elected to be punished under the 1974 Penal Code. The jury assessed punishment at life imprisonment. The sufficiency of the evidence is not challenged.

All of appellant's grounds of error are levelled at the court's charge on punishment. The young lady who was the victim of the rape had gone to a public phone booth near El Centro College in Dallas where she attended classes at night to report her car stolen. Appellant approached her with his hand under the front of his shirt and told her he would shoot her if she did not hang up the phone. He then grabbed her, twisted her arm behind her back and pushed her into a dark parking lot between two cars and threw her to the ground. Appellant then tore her pants off. At this point she screamed, whereupon appellant beat her in the face with his fists

and then pounded her head against the parking lot pavement. He then told her he would kill her if she did not spread her legs. Appellant then raped her.

The portion of the Court's charge under attack by appellant is as follows:

". . . A person commits aggravated rape if a person compels submission to the rape by threat of death or serious bodily injury to be imminently inflicted on anyone.

"If you believe beyond a reasonable doubt that the defendant committed aggravated rape upon Marilyn Rose Holder you will assess his punishment at life or not less than five (5) years nor more than ninety-nine (99) years confinement in the Texas Department of Corrections.

"You are further instructed that if you do not find beyond a reasonable doubt that the defendant committed aggravated rape as above defined then you will assess his punishment at not less than two (2) years nor more than twenty (20) years confinement in the Texas Department of Corrections."

Appellant first contends that the court erred in defining aggravated rape but refusing to define rape. The charge as drawn adequately placed the burden on the State to prove the aggravating circumstance beyond a reasonable doubt and if it failed to so prove, the jury was relegated to the lesser punishment for rape under Sec. 21.02, V.A.P.C. Since the jury had already determined appellant's guilt of rape, the charge as given adequately protected appellant's rights. *Martinez v. State*, Tex.Cr. App., 500 S.W.2d 151. See also *Wright v. State*, 527 S.W.2d 859 (Tex.Cr.App.1975); *Ambers v. State*, 527 S.W.2d 855 (Tex.Cr. App.1975); *Rockwood v. State*, Tex.Cr.App., 524 S.W.2d 292.

Appellant next contends that the court's definition of aggravated rape was insufficient. This objection was not included in appellant's objections to the court's charge. Therefore, nothing is preserved for review. *Taylor v. State*, Tex.Cr.App., 489 S.W.2d 890; *Meadowes v. State*, Tex.Cr. App., 368 S.W.2d 203.

In his third ground of error, appellant challenges the sufficiency of the evidence to sustain a charge on aggravated rape. The testimony of the victim that appellant told her he had a gun and that he would kill her if she didn't spread her legs was clearly sufficient to raise the issue of aggravated rape.

Appellant next attacks the charge on punishment for its failure to require the jury to find that the appellant had a culpable mental state. This issue had already been determined adversely to appellant when the jury found him guilty of rape. The charge as given adequately protected appellant's rights. *Gonzales v. State*, Tex. Cr.App., 466 S.W.2d 772; *Martinez v. State*, supra.

Finally, appellant contends that the court erred in not charging the jury on insanity at the punishment stage. Two doctors testified that appellant was sane, knew right from wrong and was capable of conforming to the right even though he had a sociopathic personality. In view of this testimony no charge on insanity was either required or justified. *Morris v. State*, Tex. Cr.App., 382 S.W.2d 259.

The judgment is affirmed.

Opinion approved by the Court.