Billy Don JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 51383.

Court of Criminal Appeals of Texas.

April 28, 1976.

Rehearing Denied May 27, 1976.

Arthur J. Brender, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty. and Howard M. Fender, Asst. Dist. Atty., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction of robbery by firearms. A jury found appellant guilty; the trial court assessed punishment at twenty-five years.

On May 15, 1973, Zacarias Jiminez, a Mexican national, was working for the Rice Tilleys and lived in a small house on their property at Eagle Mountain Lake.

The sufficiency of the evidence is not challenged. Jiminez testified through an interpreter that he was awakened on the night of May 15, 1973 by a knock on the door. He turned on a lamp, went to the door and saw two men, one of whom he later identified as appellant. He testified that appellant, who was armed with a pistol, spoke to him in Spanish and ordered him to give him all his money. The men took about six dollars, a television set, a flashlight and a watch from Jiminez. Before leaving the premises the two men tied Jiminez by his hands and feet. Appellant's companion pushed Jiminez to the ground while appellant held the gun about three feet from Jiminez's head. He testified that he heard the gun click but that it did not go off. Jiminez untied himself and went to the house where the Tilleys resided.

Jiminez testified that he had spoken briefly with appellant about two weeks before the robbery when appellant was fishing at Eagle Mountain Lake. He identified appellant at a post-examining trial lineup as the man who had robbed him. The photograph was introduced.

■ In his first ground of error appellant complains of the refusal of the trial court to grant him a mistrial after the following argument was made to the jury during the guilt stage of the trial:

"  .  .  . I wish you would have had an opportunity, ladies and gentlemen, I wish you would have had an opportunity to see how fair and square that line-up was, to see what those five colored men in the white jumpsuits actually—"

Appellant's objection to the argument was sustained and the jury was instructed to disregard it. A motion for mistrial was overruled. If there was any error, the court's instruction was sufficient to cure it. The jury had seen a photograph of the lineup. The lineup was held at the request of, and in the presence of, appellant's attorney. The court ruled that it was not suggestive. Jiminez testified before the jury that he had identified appellant at a lineup. The remarks of the prosecutor about the fairness of the lineup were not so removed from the evidence as to have irrevocably prejudiced the jury. See *Twomey v. State*, 520 S.W.2d 784 (Tex.Cr.App.1975).

■ After the motion for mistrial was overruled, the prosecutor stated: "When

the shoe pinches you start hollering and screaming." When counsel objected, he did not get a ruling. Nothing is presented for review.

In his second ground of error appellant urges that the trial court erred in not sustaining appellant's objections to the following argument to the jury:

" . . . He also recognized him and told the police who he was, and he also recognized—"

■ He objected that there was no evidence to support the argument. It is not clear in the argument exactly which recognition by Jiminez the prosecutor was referring to. If he was referring to the lineup, it was already before the jury. Although Jiminez may never have directly told the police who his assailant was, he did give the police a thorough description of the man who robbed him. This description was before the jury by the testimony of Mary Ann Allison who had interviewed Jiminez on the night of the robbery. The prosecutor's statement was a reasonable deduction from the evidence; the court did not err in overruling the objection. *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974).

Appellant's third ground of error concerns the State's effort to impeach one of its own witnesses. Robert Saldivar was called by the State because he had worked at the same plant with appellant. He had spoken with appellant several times and was to testify that appellant was able to speak Spanish.

Appellant complains of the following:

"Q. (Prosecutor) Tell the jury whether or not you've heard him speak a complete sentence?

"A. I remember him speaking, but it's been so long—I don't pay that much attention to people when they talk to me. I couldn't rightly say.

"Q. Last Friday, could you remember it a little bit better than you could today?

"MR. MAGNUSSEN: Your Honor, I object to this. This is his own witness. He's trying to impeach his own witness.

"THE COURT: I'll permit him to answer that question.

"MR. MAGNUSSEN: Note our exception to the Court's ruling, please.

"Q. You can answer, Robert.

"A. Yes, I said he could.

"   *   *   *

"Q. Have you heard him carry on—say a sentence in Spanish and convey a meaning in Spanish, without imagining, have you heard him do that?

"A. You are asking about something that happened a long time ago. I would have to think back on it.

"Q. Friday, did you have any problem remembering, Friday?

"MR. MAGNUSSEN: Your Honor, I object to that. It's improper. It's his own witness, and he is trying to impeach his own witness.

"THE COURT: Overruled.

"MR. MAGNUSSEN: Note our exception.

"Q. You can answer.

"A. Yes.

"   *   *   *

"Q. Did Johnny Gonzales, our investigator, have to threaten to put you under attachment to get you up here?

"MR. MAGNUSSEN: Your Honor, I object—

"THE COURT: Sustained.

"MR. MAGNUSSEN: And I'll ask the Court to instruct the jury—

"THE COURT: The jury will disregard the question.

"MR. MAGNUSSEN: Your Honor, that is so prejudicial to this defendant here, and the State is threatening and trying to impeach their own witness, at this time we ask for a mistrial.

"THE COURT: Overruled.

"MR. MAGNUSSEN: Note our exception to the Court's ruling."

■ If there was error, it was not reversible. The witness stated that he had remembered appellant's ability to speak Spanish more clearly at the earlier interview. *Brown v. State*, 523 S.W.2d 238 (Tex.

Cr.App.1975). The instruction to disregard the testimony concerning the threatened attachment was sufficient to remove any error. This was especially so in light of appellant's use of this testimony to his advantage during jury argument. Appellant did this by arguing that the prosecution had threatened the witness with jail unless he appeared and testified to what they wanted him to say. Appellant's third ground of error is overruled.

■ Appellant argues in his fourth ground of error that the trial court should have charged the jury on the 1974 Penal Code law of aggravated robbery as well as the 1925 Penal Code offense of robbery by firearms. Appellant contends that since the 1974 Penal Code provides that conduct constituting a crime under the 1925 Penal Code, but not under the 1974 Penal Code, could not be prosecuted after January 1, 1974, the only way to determine if appellant's conduct was a crime under the new code was to submit the question to the jury. Appellant filed an election to be punished under the 1974 Penal Code as allowed by Section 6(b) of the Saving Provisions of that code. The court assessed punishment. No requested instructions nor objections to the charge were submitted to the trial court. Nothing is presented for review. *Grandham v. State*, 528 S.W.2d 220 (Tex.Cr. App.1975).

■ In his fifth ground of error, appellant complains of the refusal of the trial court to include in the transcript a statement of facts of appellant's mistrial. On July 23, 1973, appellant requested a transcript of his examining trial on the grounds that he was indigent. This order was granted by the trial court. Appellant was brought to trial for this offense on July 30, 1974, and on August 2, 1974, the trial court declared a mistrial on appellant's motion. A mistrial was declared after the jury had failed to reach a verdict after six hours of deliberations. The second trial began September 10, 1974. On December 12, 1974, the court granted appellant's motion for appointment of counsel on appeal and for the transcription of the statement of facts

of the second trial. On December 26, 1974, appellant specifically requested that the transcript contain a record of the mistrial and the examining trial. The trial court denied this request on the same day. On June 17, 1975, appellant objected to the record on the grounds that it did not contain a statement of facts of the examining trial and the mistrial. These objections were overruled.

In *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), the United States Supreme Court wrote that as a matter of equal protection a state must provide an indigent defendant with a transcript of prior proceedings when the transcript is needed for an effective defense or appeal. There is no showing that appellant was harmed in this instance by the denial of the transcript.

No request was made for the transcript of the mistrial prior to the second trial. Evidently the trial counsel saw no need of the record either for discovery purposes or for the impeachment of witnesses. If double jeopardy had been an issue a transcript of the evidence could have been a factor in the second trial. Enough of the record of the disposition of the first trial was included in the transcript before this Court to show that by agreeing to the mistrial appellant had waived any complaint of jeopardy. *Willis v. State*, 518 S.W.2d 247 (Tex.Cr.App. 1975). Although appellant could have studied the record of the mistrial as an aid to appellate strategy, he had the alternative available of asking the trial counsel about testimony or conduct at the first trial. See *Britt v. North Carolina*, supra; *Johnson v. State*, 504 S.W.2d 493 (Tex.Cr.App.1974).

■ In his sixth ground of error appellant complains of the trial court's failure to strike the testimony of Mrs. Rice Tilley. Appellant contends that her testimony was inadmissible because it was based on hearsay. It is not clear if appellant wanted the entire testimony of Mrs. Tilley struck from the record. Much of this testimony dealt with the employment relationship between Jiminez and the Tilleys, who Mrs. Tilley saw on their property the night of the rob-

bery, and Jiminez's condition after the robbery. This testimony was not hearsay and was admissible. Mrs. Tilley's testimony as to the relationship of appellant and her cook was objected to as hearsay and this objection was sustained by the trial court. The trial court did not err in refusing to strike Mrs. Tilley's testimony. Appellant's fifth ground of error is overruled.

Appellant's seventh and final ground of error deals with the following statement by the prosecution on voir dire:

" . . . You judge the defense witnesses' credibility just like you do the State's witnesses, and this defendant has the right to testify, if he wants to. He also has the right to remain silent, if he wants to. . . .

" * * *

" . . . By the same token, Mr. Jackson has that right, but the State has another right, too. We have a right for this jury to decide this case on the evidence and the testimony, and because a defendant has a right not to testify, that doesn't mean he has a right to have a jury go back in that jury room conjure up testimony for him, and say, gee, if he had testified, maybe he would have said this, or maybe he would have said that."

Such a statement is permissible in conjunction with the State's efforts to qualify the jury and exercise its peremptory challenges. The jury is not allowed to reach a verdict based upon speculation. The law does give a defendant a right to testify or to remain silent. At the voir dire there was no indication if the appellant would or would not take the stand and the remarks could not be taken at that time as a comment on a subsequent failure of appellant to testify. *Myers v. State*, 527 S.W.2d 307 (Tex.Cr.App.1975); *Hill v. State*, 480 S.W.2d 670 (Tex.Cr.App.1972).

Finding no reversible error, the judgment is affirmed.