Gary Edward HOLDEN & Everett Mason, Appellant,

v.

The STATE of Texas, Appellee.

No. 60966.

Court of Criminal Appeals of Texas.

Nov. 24, 1982.

Thomas W. Watson, Angleton, on appeal, for appellant.

Doyle W. Neighbours, Dist. Atty. and A.B. Crowther, Jr., Asst. Dist. Atty., Angleton, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

McCORMICK, Judge.

Appellant, Gary Edward Holden,[1] seeks relief from his conviction for aggravated robbery. Punishment was assessed at twenty-nine years' confinement. On original submission, appellant's conviction was affirmed, but leave to file a motion for rehearing was subsequently granted. 617 S.W.2d 714.

 In his first ground of error appellant asserts that the trial court erred in refusing his request for a transcript of the first trial of this cause, which ended in a mistrial on May 26, 1978. However, appellant did not file his motion for a free statement of facts from his first trial until the day his second trial began, June 19, 1978. Appellant could have filed his motion for a free transcript at any time prior to his new trial date but did not. We adhere to our prior determination that *Johnson v. State,* 504 S.W.2d 493 (Tex.Cr.App.1974), controls.

On rehearing, appellant argues that *Billie v. State,* 605 S.W.2d 558 (Tex.Cr.App.1980), more nearly controls this ground of error. However, in *Billie,* the defendant's first trial ended in a mistrial on May 26, 1977. The defendant filed his motion for a free transcript on June 6, 1977. The defendant's retrial began on August 22, 1977, some two and one-half months after the request for a free transcript. In *Billie,* the defendant acted with timeliness and due diligence. In the case at bar appellant did not. The trial court in the case at bar did not err in denying appellant's untimely request for a free statement of facts from his prior trial. See also *Cook v. State,* 611 S.W.2d 83 (Tex.Cr.App.1981). Appellant's first ground of error is overruled.

 In his second ground of error appellant urges that the charge of the court in applying the law to the facts was fundamentally defective for the reasons expressed in *Evans v. State,* 606 S.W.2d 880 (Tex.Cr.App.1980). See also, *Williams v. State,* 622 S.W.2d 95 (Tex.Cr.App.1981); *Young v. State,* 621 S.W.2d 779 (Tex.Cr.App.1981). Appellant is entitled to relief. See *Hill v. State,* 640 S.W.2d 234 (Tex.Cr.App.1982).[2]

Therefore, appellant's second ground of error is sustained and the appellant's motion for rehearing is granted. The judgment is reversed and the cause is remanded.

---

1. Appellant's co-defendant did not seek a motion for rehearing from the affirmance of his conviction.

2. The writer of this opinion would overrule *Evans* and its progeny on the basis of his dissenting opinion in *Hill,* and though not persuaded by the majority in *Hill,* must defer to the majority therein.