Freddie Lee **RICHARDSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–82–0500–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 2, 1984.

Rehearing Denied Feb. 16, 1984.

Randy Schaffer, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before EVANS, C.J., and DUGGAN and BASS, JJ.

## OPINION

DUGGAN, Justice.

Following a mistrial which resulted from a hung jury, appellant was retried and convicted by a jury of the offense of aggravated rape of a child. At the punishment hearing, the jury found the indictment's enhancement allegation to be true, and assessed punishment at confinement for 99 years. Two grounds of error are asserted, neither of which requires examination of the facts of the offense.

Appellant's first ground of error asserts that he has been denied a meaningful appeal because the court reporter's notes of appellant's first trial, which resulted in a mistrial, have been lost, and the State is therefore unable to furnish him a complete record on appeal.

The first trial commenced June 14, 1982, and testimony was heard for 3 hours and 26 minutes on that day and during a part of the next. On June 17, after approximately 14 hours of deliberations over a three-day period, the court granted appellant's counsel's motion for mistrial due to the jury's inability to reach a verdict. The court at that time permitted appellant's court-appointed attorney to withdraw. A second attorney was appointed on June 18 to represent appellant upon retrial, which commenced July 19, 1982, 31 days after second counsel's appointment. During the interim between the mistrial and retrial, appellant's second attorney made no request to have the court reporter prepare a statement of facts of the mistrial for use at the retrial. At the second trial, the jury heard testimony for 3 hours and 20 minutes, deliberated 10 minutes, and returned a verdict of guilty; it thereafter assessed punishment at 99 years confinement.

Appellant's third and present counsel, appointed to represent him on appeal, filed a designation of the record on appeal requesting, *inter alia*, that the statement of facts from the mistrial be included in the appellate record. Upon notice of completion of the record, both appellant and the State objected that the statement of facts of the mistrial was not included, and both moved for further completion of the record. Further objections were later filed by appellant's counsel, and it was established at a hearing that neither the official court reporter nor the substitute court reporter who had recorded part of the first trial could account for missing notes for the latter part of the first trial. The record contains 35 minutes of testimony, given on

the first day of trial by the stepfather of the eight year-old prosecutrix, but does not include 2½ hours of second-day testimony by State's witnesses. Appellant urged that the absence of the full transcript of the mistrial deprived him of a complete statement of facts on appeal, and denied him effective assistance of counsel. The court overruled the objections.

On appeal, appellant argues that, because he is indigent, the State was obliged to furnish him a complete appellate record, and that because he was convicted on retrial, he was entitled to a transcript of the earlier mistrial as part of the appellate record. He insists that the conviction must be set aside because the State's inability to provide a transcript of the mistrial has made it impossible for him (1) to challenge the sufficiency of the evidence at the mistrial as a double jeopardy bar to the retrial, (2) to challenge the trial court's declaration of a mistrial as a double jeopardy bar to the retrial, and (3) to determine whether the failure of second counsel at the retrial to request and obtain a transcript of the mistrial denied him the effective assistance of counsel at the retrial.

Appellant cites *Timmons v. State*, 586 S.W.2d 509 (Tex.Cr.App.1979), and other cases for the undisputed proposition that when a court reporter has lost all or a part of notes needed for a statement of facts on appeal, and when the defendant and his attorney have acted diligently and without negligence, laches or other fault to obtain the transcript, the defendant is entitled to reversal of his conviction and a new trial. *Ex parte Mays*, 510 S.W.2d 606 (Tex.Cr.App.1974); *Gamble v. State*, 590 S.W.2d 507 (Tex.Cr.App.1979); *Austell v. State*, 638 S.W.2d 888 (Tex.Cr.App.1982). However, each of these cases involved loss of notes from the trial in which the defendant was convicted, not the notes of an earlier trial. The remedy of reversal and remand for new trial was granted in each case above to assure the defendant the right of appellate review of the trial in which he was convicted. In the case before us, appellate review of the trial wherein appellant was convicted can readily be afforded.

We observe at the outset that appellant's inability to obtain a statement of facts of the mistrial resulted from the reporter's loss of a portion of the trial notes, and not from either appellant's indigent status or from any adverse ruling by the court denying a request for the transcript. Appellant's posttrial request for the mistrial testimony was not opposed. The State, as well as appellant's own counsel on appeal, objected to the incompleteness of the record furnished for filing because of its omission of the mistrial testimony designated by appellant. The court granted appellant's several requests for withdrawal of approval, ordered further completion of the record, and conducted the hearing sought by appellant's counsel concerning the reporter's lost notes. A monied defendant with retained counsel would have faced appellant's identical problem.

■ It is settled that an indigent defendant is entitled upon timely request to be furnished without cost, *for use at a subsequent trial,* a transcription of the earlier mistrial testimony of the State's witnesses. *Billie v. State*, 605 S.W.2d 558 (Tex.Cr.App.1980) (modified opinion upon State's motion for rehearing); *Holden v. State*, 641 S.W.2d 919 (Tex.Cr.App.1982). Appellant now seeks to extend this ruling to hold that he is entitled to a transcript of mistrial testimony for use on appeal of the conviction following a retrial, even though he did not seek the transcript for use *before* the retrial.

The only Texas decision to address this issue is *Jackson v. State*, 536 S.W.2d 371 (Tex.Cr.App.1976), which held that it was not error for a trial court to refuse to include in the appellate record a statement of facts from an indigent defendant's earlier mistrial. No question involving lost notes or the reporter's inability to furnish the requested transcript was present in *Jackson*. In holding that the defendant failed to show harm by the denial of the mistrial transcript, the *Jackson* opinion noted that, as in the instant case, no request for the transcript of the mistrial was made

prior to the second trial, where the transcript might have been useful for discovery or impeachment.

Writing prior to *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the court continued:

> ... If double jeopardy had been an issue a transcript of the evidence could have been a factor in the second trial. Enough of the record of the first trial was included in the transcript before this court to show that by agreeing to the mistrial appellant has waived any complaint of jeopardy. *Willis v. State*, 518 S.W.2d 247 (Tex.Cr.App.1975).

536 S.W.2d at 374.

Appellant would distinguish *Jackson* from the case at bar because (1) the *Jackson* court refused to furnish the mistrial transcript, while the trial court in our case granted appellant's request for it; and (2) the *Jackson* defendant's trial attorney was the same for mistrial and retrial. "Most significantly," however, he urges that *Jackson* is limited in value as precedent because of developments in the law of double jeopardy since *Burks v. U.S.*, *supra*, and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). He argues that the mistrial transcript "must be included in the appellate record following conviction upon retrial to determine whether the evidence was insufficient at the mistrial."

Appellant assumes that the evidence adduced at an earlier mistrial *will* be weighed by a reviewing court hearing the appeal after a conviction upon retrial. He cites as persuasive the decision in *United States v. Wilkinson*, 601 F.2d 791 (5th Cir.1979), holding that where a mistrial is followed by a retrial and conviction, the appellate court reviewing the retrial can consider the sufficiency of the mistrial evidence in determining whether jeopardy barred the retrial.

Regardless of whether or not Texas courts will allow review of mistrial evidence for jeopardy purposes in a fact situation such as is before us, it is obviously impossible for that to occur in the instant case because the record of such evidence has been lost. Our concern, therefore, is the appropriate remedy to be afforded appellant in this unusual circumstance.

■ The relief which appellant requests, reversal and remand for a retrial (a third trial), is a useless remedy in furthering the two goals of the double jeopardy doctrine, the protection of the individual both from being subjected to double punishment *and* from being twice put to trial. *Ex parte Robinson*, 641 S.W.2d 552, 554, (Tex.Cr. App.1982); *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Furthermore, any subsequent conviction would have to be reversed for the same reasons claimed as justifying reversal of this conviction, i.e., that the record of the first mistrial was unavailable.

■ Appellant's second complaint is that loss of the reporter's notes makes it impossible for him to challenge the trial court's declaration of a mistrial as a double jeopardy bar to the retrial. We do not agree that appellant was entitled to make such a challenge.

Appellant urges that while the first jury deliberated almost 14 hours before the court declared a mistrial, the record does not reflect whether the jury was working toward a verdict or had declared itself hopelessly deadlocked. The docket sheet in fact reflects that "the jury was brought into open court and could not reach a verdict," and that the mistrial was granted on the defense's motion.

We hold that under the facts presented the appellant waived his claim of double jeopardy by moving for the mistrial which the court granted.

■ In determining whether jeopardy attaches, it makes no difference whether the defense motion for mistrial is made by the defendant's attorney alone or joined by the defendant personally. *Rios v. State*, 557 S.W.2d 87, 91 (Tex.Cr.App.1977). As stated in *Moore v. State*, 631 S.W.2d 245 (Tex. App.—Amarillo, 1982):

> The right [to jeopardy] is subject to the defendant's successful motion for mistrial, which is deemed a deliberate elec-

tion to forego a double jeopardy claim, even if necessitated by a prosecutorial or judicial error. *United States v. Scott*, 437 U.S. 82, 93, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978). Hence, appellant's successful request for the mistrial granted removed the barrier of jeopardy, [citing *Rios v. State, supra* ], unless ... his motion was forced by governmental conduct. [citing authority]

631 S.W.2d at 250. Thus, we reject appellant's complaint that loss of the mistrial record prevented an effective double jeopardy challenge to the trial court's declaration of mistrial.

■ Appellant's last argument is that his second attorney's failure to request and obtain the mistrial transcript was incompetence, and denied appellant effective assistance of counsel at his second trial. Without the mistrial testimony, he is unable to determine whether he was denied effective assistance of counsel during the retrial. He reasons that because his second appointed attorney was compelled to try this case only one month after he was appointed, there can be no excuse for his failure to request and obtain a transcript of the mistrial (particularly since the first jury deliberated almost 14 hours). He argues that the transcript would have assisted in preparation for retrial, in impeachment and cross-examination of State's witnesses, in undermining their credibility and in pointing out discrepancies in their mistrial and retrial testimony. We reject this invitation to speculate as to competence of counsel in the face of a silent record. While trial counsel could have requested a transcript of the mistrial testimony, he had the alternative of conferring with prior counsel and his client about testimony or conduct at the first trial, and he may have done so extensively. He may have rejected the idea of preparation of a written transcript in order to prevent its availability for prosecution use. The record reflects that the missing notes were brought to court for possible "read-back" during appellant's second trial, and, as noted earlier, the loss of the notes was in connection with their being brought into court for that purpose. Trial counsel's

omission to request a transcription of the notes is not a basis for holding his assistance ineffective even if, from the vantage point of hindsight and with a complete record before it, this court might think it unwise and even if another attorney might have pursued a different course. *Passmore v. State*, 617 S.W.2d 682, 686 (Tex.Cr. App.1981). Appellant's first ground of error is overruled.

■ Appellant contends, in his second ground of error, that the trial court erred in "vacating" appellant's plea of guilty without appellant's consent.

At appellant's arraignment before his first trial he initially entered guilty pleas to aggravated rape of a child and to burglary of a habitation, having decided to accept a 40-year plea bargain recommendation by the State. He also pleaded true to the enhancement paragraphs of the respective indictments. During the course of his admonishments, the court informed appellant that he could not appeal if he pleaded guilty and the court followed the State's recommendation in sentencing, but that he could appeal if he had a jury trial and was convicted. On 14 occasions during the plea colloquy, the judge asked appellant if he still wanted to plead guilty. On the last time the appellant made no reply. This hesitation led the court to withdraw appellant's pleas of guilty in both cases and order a jury trial. Appellant was eventually convicted in both causes and given cumulative 99-year sentences. Appellant argues that any objective reader of the plea proceeding would see that the court was intentionally baiting appellant in an effort to find some reason not to follow the plea bargain. This ground of error must fail for the reason that a trial judge need not accept a plea bargain. Tex.Code Crim. Proc. art. 26.13 (Vernon Supp.1983); *Morano v. State*, 572 S.W.2d 550, 551 (Tex.Cr. App.1978); *Washington v. State*, 545 S.W.2d 461, 462 (Tex.Cr.App.1976). Appellant's second ground of error is overruled.

The judgment is affirmed.