Pedro Villegas GARCIA, Appellant,

v.

STATE of Texas, Appellee.

No. 04–84–00149–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 30, 1985.

Lauro Benavides, Laredo, for appellant.

Anna L. Cavazos, Asst. Dist. Atty., Laredo, for appellee.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for aggravated assault with a deadly weapon. TEX.PENAL CODE ANN. § 22.02(a)(4) (Vernon Supp.1984). The jury found appellant guilty as charged in count I of the indictment and assessed the punishment at five years' confinement plus a fine of five thousand ($5,000) dollars.

Appellant's first assertion of error is that there is insufficient evidence to support the conviction; this requires a brief factual background. The victim, Leo Hernandez, was struck by an automobile on February 8, 1983, at the intersection of Park Street and San Bernardo Avenue in Laredo. He identified the appellant as the driver of the vehicle that struck him. Hernandez stated that he tried to avoid the approaching vehicle but that appellant accelerated and swerved in his direction to strike him. The impact threw Hernandez onto the windshield of the vehicle; he sustained fractures of the left leg requiring surgery and severe injuries to his nose and hip.

■■■ The standard for review of a sufficiency of the evidence question requires that we determine, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, *reh'g denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *Griffin v. State,* 614 S.W.2d 155, 159 (Tex.Crim.App.1981). The trial judge is the trier of fact at the hearing on a motion for new trial; the granting of a new trial is within his sound discretion, and his findings will not be disturbed unless there is a clear showing of abuse of discretion. *Jones v. State,* 596 S.W.2d 134, 138 (Tex.Crim.App.1980); *Davis v. State,* 649 S.W.2d 380, 382 (Tex.App.—Fort Worth 1983, pet. ref'd). In this case the testimony

of the victim was sufficient to raise the issue of aggravated assault with a deadly weapon. *See Grandham v. State,* 528 S.W.2d 220, 222 (Tex.Crim.App.1975). Thus, we view the direct and circumstantial evidence in the light most favorable to the prosecution. The vehicle in question was owned by and registered to Sofia Gonzalez, appellant's girlfriend. She had no personal knowledge as to who was driving the car at the time and place in question, but she testified that appellant had possession of her vehicle every day during the week. The accident occurred on a week-day. Officer Telles investigated the accident and was given a description of the fleeing vehicle, including that the left side of the windshield was broken. The windshield wiper arm and blade were recovered at the scene. Oscar Castaneda testified that appellant brought the vehicle to his place of employment, Rivera's Auto Glass Shop, to have the windshield replaced. He stated that the left side of the windshield was broken, and he identified the windshield wiper arm as belonging to the vehicle in question. Dr. Cantu testified that the victim sustained a closed comminuted fracture on the left leg, multiple abrasions, skin loss on the left side of the nose, a possible broken nose and a possible hip concussion. The repair of the leg fracture required surgery. The victim testified and identified appellant as the driver of the vehicle that struck him. He further stated, "I tried to avoid it, but he just stepped on the gas and struck me." We therefore conclude that there was sufficient evidence for the rational trier of fact to have found the essential elements of the offense charged beyond a reasonable doubt. Appellant has not shown abuse of discretion by the trial court in denying the motion for new trial. Ground of error one is overruled.

■■■ Appellant's second complaint is that the trial court erroneously denied the motion for a new trial since there was no finding by the jury that the automobile was a deadly weapon. The motion for a new trial on record is predicated on two grounds: (1) insufficient evidence to sup-

port the conviction and (2) no proof beyond a reasonable doubt on the material allegations of the indictment. We must assume that appellant wants us to consider this assertion of error under TEX.CODE CRIM. PROC.ANN. art. 40.03(9) (Vernon 1979). Appellant's brief does not argue nor does he cite any authority in support of his contention. *McWherter v. State*, 607 S.W.2d 531, 536 (Tex.Crim.App.1980); *Zuniga v. State*, 490 S.W.2d 577, 579 (Tex. Crim.App.1973). Moreover, this question is raised for the first time on appeal. The assignment of error is waived as there is nothing presented for appellate review. *Martin v. State*, 610 S.W.2d 491, 493 (Tex. Crim.App.1980); *Craig v. State*, 594 S.W.2d 91, 96 (Tex.Crim.App.1980). Nevertheless, we have reviewed the entire record and find no fundamental error. Ground of error two is overruled.

■■ In his third ground of error, appellant alleges that the charge is fundamentally defective for failure to require the jury to find that an automobile by the manner of its use was a deadly weapon, citing as authority *Windham v. State*, 530 S.W.2d 111 (Tex.Crim.App.1975). The record reflects that appellant neither objected to the court's charge or to any omission in the court's charge nor requested a special charge. The general rule in Texas is that where a defendant fails to object to the trial court's charge or request a special charge, any alleged error is waived. *Manry v. State*, 621 S.W.2d 619, 623 (Tex.Crim. App.1981); *Romo v. State*, 568 S.W.2d 298, 303 (Tex.Crim.App.1978); *see also* TEX. CODE CRIM.PROC.ANN. art. 36.14 (Vernon Supp.1984). It has been held that fundamental error exists when a charge (1) authorizes any diminution of the State's burden of proof; (2) authorizes conviction for conduct which does not constitute a criminal offense; or (3) authorizes conviction of an offense of which the accused has no notice. *See Cumbie v. State*, 578 S.W.2d 732, 733–735 (Tex.Crim.App.1979). In order to find fundamental error in the charge, there must be such injury to the rights of a defendant that he does not receive a fair and impartial trial. *Grady v.*

*State*, 634 S.W.2d 316, 318 (Tex.Crim.App. 1982); TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981).

■ In *Windham, supra,* there was a failure to require the jury to find that the knife used in the assault was a deadly weapon. In the instant case the charge defines a deadly weapon. The paragraph in the charge which applies the law to the facts requires the jury to find that on the day in question appellant did recklessly use a deadly weapon, to wit: a 1982 Buick motor vehicle, that in the manner of its use and intended use was capable of causing death and serious bodily injury. The charge further sets out all the acts that would constitute reckless conduct as charged by indictment. The jury was properly instructed as to the circumstances that would justify a finding of guilty or an acquittal. Our review of the whole charge does not reflect that appellant was deprived of a fair and impartial trial; thus, there is no fundamental error in the charge. The claim of error, as alleged, was waived by appellant's failure to object to the charge or request a special charge. Ground of error three is overruled.

■ Lastly, appellant complains that the trial court committed reversible error in denying the motion for a new trial, based on his allegation that the indictment did not contain the essential elements of the offense. Specifically, he argues that omitted from the indictment were the culpable mental states of "intentionally and knowingly." This contention was neither raised in the motion for a new trial nor argued during the trial; appellant also failed to file a motion to quash the indictment. This issue presented for the first time on appeal would ordinarily be waived as nothing is presented for appellate review. *Martin v. State, supra.*

■ In the case at bar the relevant part of the indictment charges that on or about the 8th day of February, A.D. 1983, appellant "did then and there recklessly use a deadly weapon, to wit: a 1982 Buick motor vehicle, that in the manner of its use

**424**

and intended use was capable of causing death and serious bodily injury by recklessly driving and operating said motor vehicle upon the left side of a public road there situate when not overtaking and passing another vehicle proceeding in the same direction." TEX.PENAL CODE ANN. § 22.-01—Assault—provides in pertinent part, viz:

(a) A person commits an offense if the person:

(1) intentionally, knowingly or recklessly causes bodily injury to another ...

TEX.PENAL CODE ANN. § 22.02—Aggravated Assault—provides in pertinent part, viz:

(a) A person commits an offense if the person commits assault as defined in Section 22.01 of this Code and the person:

(1) causes serious bodily injury to another

\*   \*   \*   \*   \*   \*

or

(4) uses a deadly weapon.

Therefore, the elements of an offense under section 22.02(a)(1) or (4) are: (1) a person (2) intentionally, knowingly *or recklessly* (3) causes serious bodily injury to another or (4) uses a deadly weapon. *Boney v. State,* 572 S.W.2d 529, 532 (Tex.Crim.App. 1978). Section 22.02(a) is in the disjunctive: the offense is complete if the assault causes serious bodily injury or is effected by the use of a deadly weapon. *Teal v. State,* 543 S.W.2d 371, 373 n. 4 (Tex.Crim.App. 1976), *overruled on other grounds, Flanagan v. State,* 675 S.W.2d 734, 742 (Tex. Crim.App.1984).

 Recklessly is a culpable mental state for assault and may be alleged in lieu of knowingly and intentionally. *See* 2 Branch (3d Edition) TEX.PENAL CODE ANN. § 22.02—Explanatory Comment at 186. TEX.CODE CRIM.PROC.ANN. art. 21.15 requires that when a defendant is charged with acting recklessly, the indictment must allege with reasonable certainty the act relied upon to constitute recklessness. The present indictment clearly alleges with reasonable certainty the act relied

upon to constitute recklessness. TEX.PENAL CODE ANN. § 6.03(c). A similar indictment was approved in *Townsley v. State,* 538 S.W.2d 411, 412 (Tex.Crim.App. 1976). Therefore, we have determined that this indictment sufficiently charges the elements of the offense under section 22.02, *supra,* and is not fundamentally defective. Ground of error four is overruled.

The judgment of the trial court is affirmed.