TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00661-CR







H. C. Stiggers, Appellant



v.



The State of Texas, Appellee







FROM THE CRIMINAL DISTRICT COURT NO. 4 OF DALLAS COUNTY


NO. F94-39523-HK, HONORABLE CHARLES SHERRILL, JUDGE PRESIDING







 Appellant H. C. Stiggers was convicted, in a jury trial, of the offense of delivery
of less than 28 grams of cocaine. Controlled Substance Act, 71st Leg., R.S., ch. 678, sec. 1,
§ 481.112, 1989 Tex. Gen. Laws 2230, 2935 (Tex. Health & Safety Code Ann. § 481.112, since
amended). The trial court assessed appellant's punishment, enhanced by proof of two prior felony
convictions, at imprisonment for 30 years. In his sole point of error on appeal, appellant asserts
that he was denied the effective assistance of trial counsel. We will affirm the judgment of the
trial court.

 To show ineffective assistance of counsel, appellant must show that: (1) trial
counsel's performance was deficient, in that counsel made such serious errors that he was not
functioning effectively as counsel; and (2) the deficient performance prejudiced the defense to such
a degree that appellant was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687
(1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); Shaw v. State, 874 S.W.2d 115, 118 (Tex. App.--Austin 1994, pet. ref'd); O'Hara v. State, 837 S.W.2d
139, 143 (Tex. App.--Austin 1992, pet. ref'd). Counsel's performance is to be judged by the
"totality of representation" provided. Strickland, 466 U.S. at 690; Butler v. State, 716 S.W.2d
48, 54 (Tex. Crim. App. 1986). In deciding an ineffective-assistance claim, this Court must judge
the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at
the time of counsel's conduct--not by hindsight. We must then determine, in light of all the
circumstances, whether the acts or omissions are outside the wide range of professionally
competent assistance. Strickland, 466 U.S. at 690. Appellant bears a heavy burden to prove his
ineffective-assistance claim. Counsel is strongly presumed to have provided adequate assistance
and to have made all significant decisions in the exercise of reasonable professional judgment. 
Id. We must not look at the errors of counsel in a vacuum. As a general rule, isolated instances
in the record reflecting errors of omission or commission do not necessarily render counsel's
representation ineffective. McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992);
Ex parte Owens, 860 S.W.2d 727, 729 (Tex. App.--Austin 1993, pet. ref'd).

 Appellant argues that in four instances in the record defense counsel's
ineffectiveness is demonstrated. First, appellant says that, during jury voir dire, trial counsel,
without objection, allowed the prosecutor to improperly comment on appellant's right to remain
silent and his failure to testify. Appellant contends that this deprived him of constitutional and
statutory rights. U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann.
art. 38.08 (West 1979). In support of this argument counsel quotes from the record:



There may be all sorts of reasons why I don't want to testify. I might have a
felonious background. I might not be a good public speaker. I might have some
type of speech impediment. I might not be the smartest man in the world. I might
be guilty. There's all sorts of reasons why I may not want to testify. However,
if I don't testify, you cannot consider it, it's null and void. (Emphasis added).



This statement was made in the context of explaining reasonable doubt and appellant's right
against self-incrimination. It was made during jury voir dire--not during jury argument after the
conclusion of testimony. The record does not reflect that appellant informed the court or
prosecutor prior to this time that appellant would not testify. See McCary v. State, 477 S.W.2d
624, 627 (Tex. Crim. App. 1972); Walter v. State, 628 S.W.2d 526, 536 (Tex. App.--Fort Worth
1982, no pet.). It appears that the prosecutor was attempting to qualify the jury and preparing to
exercise the State's peremptory challenges. Jackson v. State, 536 S.W.2d 371, 375 (Tex. Crim.
App. 1976). The prosecutor's interrogation was not of such character that the jury would
necessarily have taken it to be a comment on appellant's subsequent failure to testify. Meyers v.
State, 527 S.W.2d 307, 308-09 (Tex. Crim. App. 1975). Much more direct references to an
accused's failure to testify have not been held to be reversible error. See Jackson v. State, 536
S.W.2d at 375 and Hill v. State, 480 S.W.2d 670, 674 (Tex. Crim. App. 1972). The objection
that appellant contends his defense counsel should have made would have been without merit. 
Passmore v. State, 617 S.W.2d 682, 685 (Tex. Crim. App. 1981). Therefore, trial counsel's
failure to object does not demonstrate ineffective representation. King v. State, 649 S.W.2d 42,
45 (Tex. Crim. App. 1983). Jury voir dire in this case does not resemble that which was
characterized as a "three ring circus" in the case relied upon by appellant. Knight v. State, 839
S.W.2d 505, 507 (Tex. App.--Beaumont 1992, no pet.). In that case, prospective jurors
responding to the State's voir dire assert beliefs, without objection, that: (1) a defendant, if he
were innocent, would testify in his own defense, (2) people who were indicted were guilty in some
degree, (3) a maximum penalty should always be assessed, and (4) the death penalty should be
assessed in a burglary case.

 The second instance of alleged ineffectiveness complained of also occurred during
jury voir dire when defense counsel failed to object to the prosecutor's explanation of the range
of punishment applicable that included a reference to "a boy scout."



 Does anybody have a concern about any of the punishment range, five to life? 
That's the range. I mean, for all we know, when the evidence actually happens,
we might find out this defendant's a boy scout. He might be deserving of the
minimum. Or we might find out that he's done this or some similar crime five or
six times. He might have a record as long as my arm. And then you might want
to assess more towards the maximum. But at this time all you've got to do is just
keep an open mind.


 Can everybody on the first row keep an open mind as far as five to life? And
if you can't, that's fine, just let me know about it.



While it is not proper to inquire how a venireperson would respond to particular circumstances
as presented in a hypothetical question, it is proper to use hypothetical fact situations to explain
the application of the law. Cuevas v. State, 742 S.W.2d 331, 336 n.6 (Tex. Crim. App. 1987). 
The explanation complained of did not ask prospective jurors to commit themselves in a given set
of facts. Furthermore, no prejudice is shown because appellant elected to have the trial court
rather than the jury assess his punishment.

 Third, appellant faults his trial counsel for failure to object to extraneous offense
evidence. Appellant notes that the trial court granted his pretrial request for notice if the State
intended to offer extraneous offense evidence. When the extraneous offense evidence was offered,
appellant's trial counsel did not object. However, when the State in jury argument mentioned the
extraneous offense, appellant's trial counsel objected. Appellant argues that this shows his
counsel's failure to object to the admission of the evidence was not trial strategy but rather
demonstrated his ineffectiveness. A brief summary of the facts is necessary.

 On January 10th, a prostitute brought undercover agent T.A. King to a "crack
house" where they were admitted by appellant. While he was in the house, King observed people
using drugs and committing sexual acts. King purchased cocaine by giving money to one man and
receiving the cocaine from another man, neither man being appellant. King returned to the house
on January 11th where he was admitted by appellant and directed to another man. King purchased
cocaine in the same manner as he had the day before. Appellant was indicted for the offense
committed on January 11th. On neither day did appellant accept payment or actually deliver the
cocaine to King. It was the State's theory that the January 10th incident served as circumstantial
evidence to show that appellant was guilty of the January 11th offense as a party. The jury was
instructed that in order to convict appellant it must find that appellant acted as a party by
intentionally or knowingly encouraging and aiding Edward Lilly in the alleged delivery of cocaine
to King. The State contends that appellant encouraged and aided in the commission of the offense
by standing guard at the "crack house" door watching for law enforcement officers and by
screening prospective customers to determine whether or not to admit them into the house.

 By his cross-examination and jury argument, appellant's counsel attempted to
persuade the jury that his sixty-six year old client was a "crack house" customer and that he was
merely standing near the door when King and the prostitute entered the house. Appellant has not
replied to the State's argument that appellant's trial counsel was not remiss in failing to object to
the extraneous offense evidence because the evidence of the January 10th delivery of cocaine was
relevant and admissible. If the extraneous offense evidence were admissible, trial counsel's
failure to object did not demonstrate that he was ineffective. 

 The admissibility of extraneous offense evidence is governed by the rules of
criminal evidence. Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App. 1990) (op. on
reh'g). The Court of Criminal Appeals has recently iterated that while evidence introduced solely
to show character conformity is inadmissible, if evidence (1) is introduced for a purpose other
than character conformity, (2) has relevance to a "fact of consequence" in a case, and (3) remains
free of any other constitutional or statutory prohibitions, it is admissible. Rankin v. State, No.
374-94, slip op. at 2 (Tex. Crim. App. April 10, 1996). When the admission of relevant evidence
stands unobstructed by a constitution, statute, or rule, the judge must allow it in. Id. All relevant
evidence is admissible unless otherwise provided by the constitution, statute, or rules. Tex. R.
Crim. Evid. 402. Relevant evidence is that having a tendency to make the existence of any fact
of consequence to the determination of the action more probable or less probable than it would
be without the evidence. Tex. R. Crim. Evid. 401. Even though relevant, evidence may be
excluded if its probative value is substantially outweighed by the danger of unfair prejudice, or
if it will mislead the jury, cause confusion of the issues, undue delay, or needless presentation of
cumulative evidence. Tex. R. Crim. Evid. 403. Evidence that appellant committed other crimes,
wrongs, or acts may be admitted if it has relevance apart from its tendency to prove appellant's
character and that he acted in conformity therewith. Tex. R. Crim. Evid. 404(b); Montgomery,
810 S.W.2d at 387. Such evidence is admissible subject to the trial court's discretion to exclude
it if its probative value is substantially outweighed by the danger of unfair prejudice. Tex. R.
Crim. Evid. 403; Montgomery, 810 S.W.2d at 387. If the trial court operates within the
boundaries of its discretion, an appellate court should not disturb the trial court's decision. 
Montgomery, 810 S.W.2d at 390.

 Evidence from which the jury could determine whether appellant was merely
present as a crack house customer or whether he was a party encouraging and aiding in the
delivery of cocaine by watching for law enforcement officers and in screening prospective
customers were facts of consequence. The evidence which has been summarized relating to the
January 10th evidence, apart from showing character conformity, has relevance tending to make
it more probable that appellant was encouraging and aiding in the delivery of cocaine on January
11th. We only need to determine here whether the extraneous offense evidence is relevant
because appellant has made no argument that this evidence was offered solely to show character
conformity, that its probative value was substantially outweighed by the danger of unfair
prejudice, or that it misled the jury, caused confusion of the issues, undue delay, or needless
presentation of cumulative evidence. Because we find that the complained of extraneous offense
evidence was admissible it follows that trial counsel's failure to object to this evidence did not
demonstrate ineffective representation.

 Fourth, appellant complains that his trial counsel was ineffective because he failed
to preserve for appellate review the trial court's ruling on three trial objections. When these
three objections were made, defense counsel may have stated reasons for the objections to the trial
court out of the hearing of the court reporter and if reasons were stated they were unreported. 
We have viewed the objections in the context of the record and we are unable to conceive of, and
appellate counsel has not suggested, any proper legal reasons that could have been stated that
would have shown either error or prejudice. Appellant has failed to sustain his burden to prove
his ineffective-assistance claim of unpreserved error. Keiser v. State, 880 S.W.2d 222, 224-25
(Tex. App.--Austin 1994, pet. ref'd).

 In determining whether appellant had effective assistance of counsel, an appellate
court must make an independent judgment based on mixed questions of law and fact. Ex parte
Owens, 860 S.W.2d at 729. We have examined the record in light of the applicable law and
conclude that on the record before us the totality of trial counsel's representation of appellant was
well within the standard required by Strickland. Appellant's point of error is overruled.

 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices Davis* and Dally**

Affirmed

Filed: August 14, 1996

Do Not Publish




* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


** Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



ues, undue delay, or needless presentation of
cumulative evidence. Tex. R. Crim. Evid. 403. Evidence that appellant committed other crimes,
wrongs, or acts may be admitted if it has relevance apart from its tendency to prove appellant's
character and that he acted in conformity therewith. Tex. R. Crim. Evid. 404(b); Montgomery,
810 S.W.2d at 387. Such evidence is admissible subject to the trial court's discretion to exclude
it if its probative value is substantially outweighed by the danger of unfair prejudice. Tex. R.
Crim. Evid. 403; Montgomery, 810 S.W.2d at 387. If the trial court operates within the
boundaries of its discretion, an appellate court should not disturb the trial court's decision. 
Montgomery, 810 S.W.2d at 390.

 Evidence from which the jury could determine whether appellant was merely
present as a crack house customer or whether he was a party encouraging and aiding in the
delivery of cocaine by watching for law enforcement officers and in screening prospective
customers were facts of consequence. The evidence which has been summarized relating to the
January 10th evidence, apart from showing character conformity, has relevance tending to make
it more probable that appellant was encouraging and aiding in the delivery of cocaine on January
11th. We only need to determine here whether the extraneous offense evidence is relevant
because appellant has made no argument that this evidence was offered solely to show character
conformity, that its probative value was substantially outwe