NO. 07-03-0411-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 1, 2005
_____

ALLEN McCHRISTIAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 46,782-B; HON. JOHN BOARD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS, and CAMPBELL, JJ.

Appellant, Allen McChristian, appeals his conviction for sexual assault of a child. In three issues, he complains that the trial court erred in 1) failing to comply with art. 36.01 of the Code of Criminal Procedure, 2) failing to provide his trial counsel with a copy of the transcript of his previous trial for the same offense which resulted in a mistrial, and 3) failing to include in the appellate record of this cause the transcript of his first trial so that he could assess whether counsel rendered effective assistance. We affirm the judgment of the trial court.

### *Issue One - Plea to the Indictment*

In his first issue, appellant contends that the State failed to follow art. 36.01 of the Code of Criminal Procedure with respect to his plea. That is, he posits that it was error to allow his trial attorney to announce appellant's plea to the indictment. We overrule the issue.

According to art. 36.01, "special pleas, if any, shall be read by the defendant's counsel, and if the plea of not guilty is also relied upon, it shall also be stated." TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(2) (Vernon Supp. 2004-05). This allows defense counsel to enter his client's plea, absent anyone's objection. *Presley v. State,* 686 S.W.2d 764, 770 (Tex. App.– Fort Worth 1985, pet. ref'd). Furthermore, no one objected to that procedure being utilized here.

### *Issue Two - Transcript of Prior Trial*

Next, appellant contends that the trial court erred in denying him a transcript of his prior trial for the same charge. That proceeding resulted in a mistrial. We overrule the issue.

To preserve a complaint for appellate review, the record must show that the appellant made the trial court aware of the complaint by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1) & (2). So too must it be shown that the trial court either 1) expressly or implicitly denied the request or motion or 2) refused to act upon it and the complaining party objected to the refusal. *Id.* at 33.1(a)(2)(A) & (B). While the record contains the motion of appellant's trial counsel requesting the transcript, nothing of record indicates that the trial court knew of the motion or acted upon it. And, assuming *arguendo* that the trial court refused to act, nothing of record illustrates that appellant objected to the court's purported refusal. Given this, appellant did not preserve his complaint as required

2

by Rule 33.1(a). *See DeBlanc v. State,* 799 S.W.2d 701, 709 (Tex. Crim. App. 1990) (stating that because the record did not show that the trial court was apprized of the issue, though written objections may have been filed with the court's papers, it was waived); *In re Villarreal,* 96 S.W.3d 708, 710 n.2 (Tex. App.–Amarillo 2003, orig. proceeding) (stating that the clerk's knowledge of a filing is not imputed to the trial court).

Next, and assuming *arguendo* that the purported error was preserved and the trial court impliedly denied the request, the record indicates that appellant's trial counsel had access in some manner to the prior testimony.[1] Several times counsel asked the victim if she recalled having previously testified in a different way. The record also indicates, in one instance, that counsel showed her a "question and answer" and asked her to read from it. Appellant does not deny that he had access to questions propounded and answers given at the prior trial. Therefore, it does not appear that appellant suffered any harm.

### *Issue Three - Transcript of Prior Trial for Appeal*

In his final issue, appellant asserts that the trial court erred in refusing to include in the appellate record a transcript of his first trial. This was purportedly needed to assist him in determining whether trial counsel afforded appellant effective assistance during the second trial, especially when cross-examining the complaining witness. We overrule the issue.

Authority requires that an indigent defendant be furnished a transcription of the court reporter's notes of a prior trial when needed to prosecute an effective defense or appeal. *Britt v. North Carolina*, 404 U.S. 226, 227, 92 S.Ct. 431, 433, 30 L.Ed.2d 400, 403 (1971); *Jackson v. State*, 536 S.W.2d 371, 374 (Tex. Crim. App. 1976). Moreover, need is presumed, and the burden lies with the State to disprove it. *Armour v. State*, 606 S.W.2d

---

[1]The record indicates that appellant had the same trial counsel at both of his trials.

3

891, 894 (Tex. Crim. App. 1980). Yet, the failure to provide one may be harmless, as evinced in *Britt* and *Jackson*. For instance, when the trial court rebuffed appellant's effort, in *Jackson*, to include the transcript in the appellate record of the subsequent trial, our Court of Criminal Appeals overruled the objections. It did so because Jackson had an alternate source for obtaining the desired information. *Jackson v. State*, 536 S.W.2d at 374; *see also Britt v. North Carolina,* 404 U.S. at 230, 92 S.Ct. at 435, 30 L.Ed.2d at 405 (holding that the lower court did not err in rejecting the request since the appellant had available an informal alternative that appeared to be substantially equivalent to a transcript).

As mentioned under issue one, the record indicates that appellant had access to or otherwise possessed an item containing questions posed to the complaining witness in the former trial and her responses to them. Moreover, appellant's counsel used the item while examining that same witness in the subsequent suit. Thus, it appears that he had an alternative source for the information he now suggests was important in determining the effectiveness of trial counsel when examining the victim, *i.e.* the prior testimony of the victim and the questions propounded to her. Moreover, no one suggests that this alternative source was insufficient to serve the needs of appellant. Given this, the record does not support a finding that he suffered harm due to the trial court's decision.

Accordingly, the judgment of the trial court is affirmed.


                Brian Quinn
                Chief Justice


Do not publish.