Billy Don JACKSON, Plaintiff-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Defendant-Appellee.

No. 81–1328
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 8, 1982.

Curtis C. Mason, Staff Counsel for In-
mates, Texas Dept. of Corr., Huntsville,
Tex., for plaintiff-appellant.

Douglas M. Becker, Asst. Atty. Gen., Aus-
tin, Tex., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

Billy Don Jackson appeals the denial of habeas relief, sought under 28 U.S.C. § 2254, from his sentence following conviction in Texas state court for robbery with firearms. Jackson's first trial resulted in a hung jury; he successfully moved for a mistrial. A second trial six weeks later concluded with a verdict of guilty and a sentence of imprisonment for 25 years.

Jackson was represented by the same retained counsel in both trials. Prior to the first trial, claiming indigency, Jackson requested and was provided a free transcript of the examining hearing. Following the conviction, and because of Jackson's indigent status, counsel was appointed to handle his appeal. The new attorney asked that transcripts of the examining hearing and mistrial be included as part of the record on appeal of the second trial. This request was denied and an objection was noted. One of the contentions made to the Texas Court of Criminal Appeals was that failure to provide Jackson with the transcripts constituted error. In affirming the conviction, the Texas appellate court held that Jackson failed to demonstrate any prejudice as a consequence of the denial. *Jackson v. State*, 536 S.W.2d 371 (Tex.Crim. App.1976). In doing so, the Texas Court of Criminal Appeals observed that Jackson's appellate counsel had an available alternative to a transcript; he could have discussed the first trial with trial counsel had he chosen to do so.

Relying on *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), the magistrate and district judge determined that the state court's finding on the merits of the claim of prejudice and error, resulting from the failure to include the transcript of the first trial as part of the record on appeal of the second trial, was presumed to be correct. 28 U.S.C. § 2254(d). Concluding that Jackson had not overcome this presumption, the district court denied his application. We affirm.

Since *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), it cannot be gainsaid that an indigent is entitled to a free transcript on appeal. As a matter of equal protection, it is settled that a state must provide indigent appellants with the tools to prepare an adequate appeal—and trial, was presumed to be correct. 28 U.S.C. § 2254(d). Concl of right, when those tools are available at a fee for other convicted appellants. *See, e.g., Williams v. Oklahoma City*, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969); *Gardner v. California*, 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969); *Roberts v. LaVallee*, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); *Draper v. Washington*, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963). But "the state is not obligated to automatically supply a complete verbatim transcript," *Moore v. Wainwright*, 633 F.2d 406, 408 (5th Cir. 1980), nor is the state "required to furnish complete transcripts so that defendants and their counsel may conduct 'fishing expeditions' to seek out possible errors at trial." *Id.* at 409 (*citing Hines v. Baker*, 422 F.2d 1002 (10th Cir. 1970); *United States v. Taylor*, 223 F.Supp. 773 (S.D.Cal.1963)).

In *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), the Supreme Court addressed the question whether an indigent defendant was entitled to a state furnished transcript of prior proceedings. Britt's first trial for murder "ended in a mistrial when the jury reported a hopeless deadlock." *Id.* While awaiting retrial, scheduled for the following month, Britt unsuccessfully sought a free transcript of the first trial. The denial was affirmed by the state appellate court because "the record of the case did not reveal a sufficient need for the transcript." *Id.* at 227, 92 S.Ct. at 433. The Supreme Court granted certiorari to determine whether *Griffin v. Illinois* and its progeny mandated the furnishing of this transcript. In resolving the question whether the transcript was necessary for an effective defense, the Supreme Court focused on the available alter-

natives.[1] Finding a viable alternative, the Court affirmed.

■ Jackson does not seek to distinguish *Britt*, but indeed relies on obiter dictum in the plurality opinion that "the State must provide an indigent defendant with a transcript of prior proceedings when the transcript is needed for an effective defense *or appeal*." *Id.* (emphasis added). Jackson maintains that the inquiry should go no further than a determination whether the request for a transcript is patently frivolous. We do not agree.

This appeal revolves on the same turntable as *Britt*. The pertinent inquiry relates to alternatives. When faced with a request for a transcript of a prior trial or proceeding for use in the appeal of a subsequent trial, the court must consider available alternatives.

In the case before us, Jackson's counsel on appeal advised the Texas Court of Criminal Appeals that he had not been the trial counsel and that he needed a transcript to determine what errors might have been committed in the mistrial.[2] He suggested a theory of prosecutorial misconduct which might be borne out by an examination of the first trial's transcript.

The Texas appellate court apparently was impressed by the fact that Jackson's trial counsel, who had a transcript of the examining hearing prior to the commencement of the mistrial, and whose representation is not challenged or disparaged, did not request a transcript of the mistrial. As observed by the Texas Court of Criminal Appeals, "Evidently the trial counsel saw no need of the record either for discovery purposes or for the impeachment of witnesses."

536 S.W.2d at 374. The request for the mistrial transcript first surfaces in the designation of the record on appeal of the second trial.

The record reflects that Jackson's appellate counsel had an alternative to the requested transcript. He knew the trial counsel and could have discussed the first trial, as well as the examining hearing and the second trial, with him. The district court took cognizance of this fact and reflected on the parallel to the factual situation in *Britt*.[3]

Finally, the Texas Court of Criminal Appeals specifically addressed the question whether denial of the transcript of the mistrial constituted error. It examined Jackson's allegations of potential harm and concluded that no prejudice resulted from denial of the transcript. The court most keenly aware of what *it* would consider reversible error opined that "There is no showing that [Jackson] was harmed in this instance by the denial of the transcript." *Id.*

■ The district court relied on our post-*Britt* decision in *United States v. Smith*, 605 F.2d 839, 842 (5th Cir. 1979), in which we held:

Neither *Griffin v. Illinois*, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, nor any other case in the Supreme Court or in this circuit establishes . . . that the mere request for a transcript by an indigent imposes a constitutional duty on the trial court to order it prepared. Only "differences in access to the instruments needed to vindicate legal rights, *when based upon the financial situation of the defendant are repugnant to the Constitution*." *Roberts* [*v. LaVallee*, 389 U.S. 40,

---

1. The Court noted that the retrial "was before the same judge, with the same counsel and the same court reporter, and the two trials were only a month apart." 404 U.S. at 228, 92 S.Ct. at 434. Further, it was noted that both "trials of this case took place in a small town . . . the court reporter was a good friend of all the local lawyers . . . [and] would . . . have read back to counsel his notes of the mistrial, well in advance of the second trial, if counsel had simply made an informal request." *Id.* at 229, 92 S.Ct. at 434 (footnote omitted).

2. Jackson's counsel on appeal in state court is no longer representing him; Jackson is represented in these proceedings by Staff Counsel for Inmates.

3. The Texas Court of Criminal Appeals was aware of this alternative when it reached its decision: "Although appellant could have studied the record of the mistrial as an aid to appellate strategy, he had the alternative available of asking the trial counsel about testimony or conduct at the first trial." 536 S.W.2d at 374 (citations omitted).

42, 88 S.Ct. 194, 196, 19 L.Ed.2d 41 (1967)].

(Emphasis in original.) And the district court found *Sumner v. Mata* applicable, concluding that there was no constitutional requirement, under the circumstances, to furnish the transcript and that the Texas Court of Criminal Appeals had held an adequate hearing. We agree.

Jackson maintains that it is not possible for the Texas Court of Criminal Appeals to hold the type of hearing envisioned by 28 U.S.C. § 2254(d) because that court is precluded from fact finding. We decline to enter the semantic enchanted land into which we are invited; 28 U.S.C. § 2254(d) does not permit the journey. As the Supreme Court pointedly directed in *Sumner v. Mata*, federal courts examining state criminal proceedings by virtue of the congressional authorization in section 2254 are to observe and address the directives in section 2254(d). If the writ of habeas corpus is granted, the district court "should include in its opinion granting the writ the reasoning which led it to conclude that any of the first seven factors [in section 2254(d)] were present, or the reasoning which led it to conclude that the state finding was 'not fairly supported by the record.'" 449 U.S. at 551, 101 S.Ct. at 771, 66 L.Ed.2d at 734.

The issue presented in the pending application for federal habeas relief was raised before the Texas courts. The state trial court was asked to include the mistrial transcript in the record appealing the conviction. The request was refused. When the record was assembled, Jackson formally objected to the failure to include the mistrial transcript, an objection which was rejected by the state trial judge. On appeal, Jackson urged error in the failure to provide the transcript. The issue was briefed and argued to the Texas Court of Criminal Appeals; it was addressed particularly by that court, which declared that no harm had resulted from denial of the transcript. That finding is "presumed to be correct," 28 U.S.C. § 2254(d), unless Jackson establishes the existence of one of the exceptions provided.

The district court concluded that Jackson failed to carry this burden. We agree. The decision of the district court is AFFIRMED.