**Charles E. TAGUE, Petitioner–Appellee,**

**v.**

**Steve W. PUCKETT, Superintendent of Mississippi State Penitentiary, et al., Respondents–Appellants.**

No. 88–4564.

United States Court of Appeals, Fifth Circuit.

June 8, 1989.

JoAnne M. McLeod, Spec. Asst. Atty. Gen., Mike Moore, Atty. Gen., Jackson, Miss., for respondents-appellants.

Andrew N. Alexander, III, Greenville, Miss. (court-appointed), for respondents-appellants.

Charles E. Tague, Parchman, Miss., pro se.

Before GOLDBERG, JOHNSON, and DUHE, Circuit Judges.

DUHE, Circuit Judge:

Petitioner/appellee Charles E. Tague, a prisoner convicted of two counts of burglary, filed a writ of habeas corpus based on the failure of respondents-appellants (certain Mississippi officials) to provide him a transcript of his mistrial for use during the retrial. Before the second trial, Tague moved for a free transcript of the testimony of three state witnesses from the proceedings of the mistrial, specifically noting that he was indigent. The motion was denied, and Tague was convicted at the retrial.

Following exhaustion of state court remedies, Tague filed for habeas relief in the district court. The district court found an equal protection violation and ordered conditional habeas relief unless the State affords petitioner a full and complete transcript of the prior mistrial for use in trial preparation and retries the petitioner within 120 days. This order was stayed during the respondents' appeal to this Court. For the following reasons, we affirm the order with the amendment described below.

■ A state must provide an indigent defendant with a transcript of prior proceedings when needed for an effective defense. *Britt v. North Carolina*, 404 U.S. 226, 227, 92 S.Ct. 431, 433, 30 L.Ed.2d 400 (1971). *Britt* noted that in earlier cases involving an indigent defendant's right to a free transcript, the Supreme Court identified two factors bearing on the determination of need: (1) the value of the transcript to the defendant in connection with the proceedings for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript. *Britt*, 404 U.S. at 227, 92 S.Ct. at 433.

*Britt* limited the first item, value to the defendant, as follows:

Our cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of the particular case.... [E]ven in the absence of specific allegations it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant [both] as a discovery device in preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses.

*Britt* at 228, 92 S.Ct. at 434 (footnote omitted). In view of these assumptions, Tague is not required to demonstrate that the denial of a transcript of the mistrial prejudiced him. Respondents argue that *Jackson v. Estelle*, 672 F.2d 505 (5th Cir.1982), discussing a showing of harm and prejudice resulting from denial of a transcript, requires Tague to show need, harm, or prejudice. *Jackson* involved a request for a transcript of a mistrial on appeal following the second trial; Jackson's trial counsel did not request a transcript for use during the retrial. *Jackson* therefore does not control this case involving a request for transcript for use during the retrial. In accordance with *Britt*, we will assume that the transcript would have been valuable to Tague, without a showing of need.

*Britt* turned on the second item, namely the availability of alternative devices that would fulfill the same functions as a transcript. *Britt* held that, in the "narrow circumstances" of that case, the denial of a transcript did not violate equal protection because an adequate alternative existed: Britt could have obtained from the court reporter "far more assistance than that available to the ordinary defendant." *Britt* 404 U.S. at 227, 229, 92 S.Ct. at 433, 434. In the small town in which the trial was held, the court reporter was a good friend of all the local lawyers, and would at any time have read back notes of the mistrial on request. Noting that a petitioner does not bear the burden of proving inadequate alternatives, the Supreme Court held that in view of the petitioner's concession that he had available this informal alternative which appeared to be the substantial equivalent of a transcript, he was not enti-

tled to a transcript. *Britt* at 229–30, 92 S.Ct. at 434–35.

■ The narrow holding of *Britt* does not apply to this case. Respondents argue that counsel's memory and trial notes furnished an adequate substitute. Respondents also point to the availability of the court reporter to read back inconsistent testimony during the second trial and the availability of statements of two of the witnesses for impeachment purposes. This position is untenable in view of *Britt*, which stated: "We have repeatedly rejected the suggestion that in order to render effective assistance, counsel must have a perfect memory or keep exhaustive notes of the testimony given at trial. Moreover, we doubt that it would suffice to provide the defendant with limited access to the court reporter during the course of the second trial." *Britt* at 229, 92 S.Ct. at 434. The remedies suggested by respondent in this case are "too little and too late." *Id.* The availability of the two witnesses' statements does not change our decision because they are not shown to be the substantial equivalent of a transcript. *Cf. Jefferies v. Wainwright*, 794 F.2d 1516, 1520 (1986), *cert. denied*, 479 U.S. 1093, 107 S.Ct. 1307, 94 L.Ed.2d 162 (1987) (text of a co-defendant/witness's confession containing verbatim police threats and availability of court reporter to read her notes of co-defendant's suppression hearing on police coercion, *inter alia*, constituted the functional alternative to a transcript of co-defendant's suppression hearing).

■ Finally, we note that the district court was not required to conduct an evidentiary hearing before concluding that no adequate substitute was available to trial counsel. *See* Rule 8(a) foll. 28 U.S.C. § 2254. A hearing in a habeas proceeding is required only when, *inter alia,* the record reveals a genuine factual dispute. *See Johnson v. Estelle*, 704 F.2d 232, 239 (5th Cir.1983), *cert. denied*, 465 U.S. 1009, 104 S.Ct. 1006, 79 L.Ed.2d 237 (1984). No genuine factual dispute exists in this case.

Accordingly, the order of the district court is AMENDED to require that appellee be furnished only a transcript of the prior testimony of three of the State's witnesses, Tommy McClendon, Saundra McClendon and Robert Tartavoulee, and, as amended, the order of the district court is AFFIRMED.