PITTMAN, Justice,
for the Court:
Glen Fielder was convicted for the sale of marijuana in Neshoba County Circuit Court and sentenced as a habitual offender to eight (8) years in the custody of the Mississippi Department of Corrections. This sentence was to run consecutively with a thirty-three (33) year sentence presently being served.
Fielder appeals to this Court, assigning as error:
I. WHETHER THE TRIAL COURT COMMITTED ERROR BY OVERRULING APPELLANT’S MOTION TO TRANSCRIBE THE COURT REPORTER’S NOTES OF THE FIRST TRIAL OF THE APPELLANT WHICH RESULTED IN A MISTRIAL.
II. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
Glen Fielder was indicted- by the Nesho-ba County Grand Jury at its September 1986, term for the sale of more than one (1) ounce of marijuana and also as an habitual offender. He was served with the indictment in April of 1987, where he pled innocent to the charge. After a trial date was set, Public Defender Mark Duncan was appointed to represent Fielder in the May 4, 1987, trial. After a continuance, trial was had on May 19, 1987, which resulted in a mistrial due to a hung jury. This mistrial was granted by Circuit Judge Marcus Gordon, who continued the trial to the September 1987, term of the Court.
Before the September term of court, however, Judge Marcus Gordon resigned and the Honorable Edward A. Williamson was appointed to the position of Circuit Judge for the Eighth Circuit Court District. Judge Williamson granted Glen Fielder a continuance until the March 1988, term of court.
Before the March term, however, Mark Duncan resigned as the Public Defender for Neshoba County and was appointed Assistant District Attorney. Consequently, Mark Duncan was released from his representation of Glen Fielder and Fenton B. DeWeese was appointed as Public Defender.
On March 14, 1988, Glen Fielder, through counsel, presented a motion to require the court reporter to transcribe the previous trial of this cause. This motion was overruled. Trial was held on March 15, 1988, concerning the events that took place on the night of September 5, 1985.
On that night, Glen Fielder allegedly sold three-quarters (%) of a pound of marijuana to an undercover narcotics agent in Nesho-ba County. The only witnesses to the above transaction were a confidential informant, who at the time of his trial testimony was an inmate at Parchman, and the undercover police officer who allegedly made the *1172 drug purchase. During the trial, the testimony of these two individuals differed in important areas as to the events of the night of September 5, 1985. Based on the testimony given by these two witnesses, the jury returned a verdict of guilty against Glen Fielder.
WHETHER THE TRIAL COURT COMMITTED ERROR BY OVERRULING APPELLANT’S MOTION TO TRANSCRIBE THE COURT REPORTER’S NOTES OF THE FIRST TRIAL OF THE APPELLANT WHICH RESULTED IN A MISTRIAL.
The first trial of Glen Fielder was declared a mistrial due to a deadlocked jury. In an effort to prepare for Fielder’s retrial, newly appointed defense counsel sought a transcript of the May 1987, mistrial. This request was denied by the lower court and a new trial was held on March 15, 1988. This trial resulted in the conviction of Glen Fielder for the sale of more than one (1) ounce of marijuana. Fielder contends that the failure of the trial court to grant him a transcript denied him the right to a fair trial and as such was reversible error. This Court finds appellant’s contention meritorious in light of the decisions of the U.S. Supreme Court, the Fifth Circuit Court of Appeals, and this Court.
In Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), the U.S. Supreme Court found that a state must provide an indigent defendant with a transcript of prior proceedings when needed for an effective defense. This ruling was based upon the principle that a state must, as a matter of equal protection, provide indigent persons with the basic tools of defense, when those tools are available for a price to other persons. Britt at 227, 92 S.Ct. at 433, citing Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). In applying this principle, the Britt court explained that when an indigent defendant seeks a free transcript of a prior proceeding, two factors are used to determine need: (1) the value of the transcript to the defendant, and (2) the availability of alternative devices that would fulfill the same functions as a transcript. Britt, 404 U.S. at 227, 92 S.Ct. at 433. Appellant maintains that under the two factors enumerated in Britt, that he was entitled to the transcript of his prior mistrial. To analyze Fielder’s argument, we must first look to the Court’s analysis of the Britt factors.
Under the first Britt factor, the value of the transcript, the Court there stated as follows:
Our cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of the particular case ... [Ejven in the absence of specific allegations it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant [both] as a discovery device in preparation for trial and as a tool at the trial itself for the impeachment of prosecution witnesses.
Britt at 228, 92 S.Ct. at 434. Under the above propositions, the Britt Court presumed that a transcript of a prior mistrial was valuable to a defendant not only for purposes of preparation, but also for purposes of impeachment. Consequently, appellant will be able to show the requisite need under the first Britt factor.
Turning to the second factor in Britt, an alternative to a transcript of the prior proceeding must be available. In Britt, the petitioner was convicted of murder one month after his previous trial had ended, with a deadlocked jury. Both trials were held in a small town before the same trial judge, the same defense attorney, and the same court reporter. The Court noted that because the court reporter was well known by defense counsel and would have read his notes back to him prior to trial, that this provided an alternative to transcripts of the initial proceeding. Britt at 229, 92 S.Ct. at 434. On these facts, the Court held that in the narrow circumstances of this case, a transcript was not needed for petitioner’s defense. Britt at 227, 92 S.Ct. at 433. The narrow facts present in Britt, however, are not applicable to the case at bar. Under the facts of the instant case, the appellant was tried before a different trial judge, using a different public defender and the trial was held ten (10) months after his *1173 initial mistrial. Further, there was the differing testimony of the police officer and the confidential informer making the transcript even more necessary for the defendant to adequately prepare, and for use in the impeachment of the state witnesses. Consequently, the alternatives available to the defendant in Britt were not available to our appellant. As such, the result in Britt is not controlling.
Other courts have addressed the issue of an indigent defendant’s right to a free transcript. The Fifth Circuit Court of Appeals in the recent case of Tague v. Puckett, 874 F.2d 1013 (5th Cir.1989) used the two factor test in Britt to hold that a defendant was denied a fair trial when he was refused a free transcript of his initial mistrial. The Court in Tague found that defense counsel’s memory and trial notes from the first proceeding did not furnish an adequate substitute for a transcript. Consequently, the Court held that the failure to provide the indigent defendant with the requested transcript violated equal protection and warranted conditional habeas relief. Tague at 1014.
This Court has likewise addressed the issue of an indigent defendant’s right to a transcript on several occasions. The first such occasion was the 1980 case of McClendon v. State, 387 So.2d 112 (Miss.1980). In McClendon, the first trial of defendant resulted in a mistrial due to procedural errors. Three (3) months later, defendant was retried and convicted of armed robbery. On appeal, defendant raised as error the trial court’s refusal to provide him with a transcript of the initial trial. This Court, noting Britt, held that it was not error for the lower court to deny defendant a free transcript where defense counsel had equal knowledge with the state’s attorney of the events of the first trial. McClendon at 115. This holding was based upon the fact that the same trial judge and same defense counsel were adequate alternatives to a transcript of the first trial. These factors, however, are absent in the case at bar. Thus, McClendon is not controlling in this case.
This Court addressed the issue of an indigent defendant’s right to a transcript in the recent case of Fisher v. State, 532 So.2d 992 (Miss.1988). In Fisher, this Court held that an indigent defendant was not entitled to a transcript of a prior murder trial when he was now being tried on a charge of rape. In Fisher, we explained that the state has a duty to assist an indigent in getting a fair trial, but that it is under no duty to subsidize fishing expeditions. Fisher at 999. Because Fisher involved a request for a transcript from a trial on another charge, it is not applicable to the facts in this case.
This Court also addressed the issue at bar in the case of Ruffin v. State, 481 So.2d 312 (Miss.1985). In Ruffin, the initial trial of defendant was declared a mistrial. Consequently, Ruffin was retried and convicted of the murder of his wife. That conviction, however, was reversed due to an improper jury instruction and Ruffin was tried for a third time. Upon being again convicted, Ruffin appealed to this Court. He assigned as error the trial court’s refusal to provide him with a transcript of his first trial. He asserted that because he was represented by new counsel in his third trial, that he was entitled to the transcript of his mistrial for purposes of adequate preparation. This Court found that his right to a fair trial was adequately protected by the record on appeal of the second trial. This record, combined with the same trial judge in all three trials, was an adequate alternative to the transcript of a prior proceeding. Considering the facts in the case at hand, however, there exists no adequate alternative to the transcript of Fielder’s initial trial. Consequently, under Britt and the other cases cited, it would appear that Fielder should have been granted the transcript of his first trial.
Considering the specific facts in the case sub judice, we hold that no alternatives existed to assure that appellant was accorded a fair trial. Consequently, we find that the trial court committed reversible error when it denied appellant’s request for a transcript of his initial mistrial.
*1174 Because reversal is required on this ground, we do not reach appellant’s other assignment of error.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, and BLASS, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.