IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30174
Summary Calendar

_____

CLIFFORD DOLEMAN,

Respondent-Appellee,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

Petitioner-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-1219-I
- - - - - - - - - -
December 21, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant appeals from the district court's order granting federal habeas relief to Clifford Doleman, Louisiana prisoner # 92214, with respect to Doleman's claim that he was denied due process when the state courts denied his request for a free transcript of his first trial.  Appellant argues that the district court erred in holding that the pretrial transcripts of some of the trial witnesses, the investigative reports, the duplicative testimony, and the presence of the same counsel at

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

both trials were an inadequate alternative to the transcript of the first trial.

The State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense. Britt v. North Carolina, 404 U.S. 226, 227 (1971); United States v. Pulido, 879 F.2d 1255, 1257 (5th Cir. 1989). Appellant does not contest the district court's finding that the state appellate court's decision requiring a showing of substantial prejudice was contrary to clearly established federal law as determined by the Supreme Court. The transcript was available and could have been furnished to Doleman. The alternatives suggested by Appellant are not the functional equivalent of the transcript. See Britt, 404 U.S. at 229 n.4 (citing Long v. District Ct. of Iowa, 385 U.S. 192, 194-95 (1966)); Taque v. Puckett, 874 F.2d 1013, 1015 (5th Cir. 1989). Accordingly, because the state court's decision is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, the judgment of the district court granting federal habeas relief is AFFIRMED. See 28 U.S.C. § 2254(d)(1).

Doleman's motion to expedite the appeal is GRANTED.