IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30604
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JIMMY WATSON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CR-240-ALL-D
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jimmy Watson, federal prisoner # 24759-034, appeals from the district court's order denying his request for the production at government expense of his criminal trial transcript and records of other proceedings in his criminal case. He has also filed a motion for authority to file an out-of-time reply brief, which motion is GRANTED.

Watson is not entitled to free copies of his trial records solely because he is indigent or because he desires to prepare a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition seeking collateral relief. Cf. Smith v. Beto, 472 F.2d 164, 165 (5th Cir. 1973); United States v. MacCollum, 426 U.S. 317, 324-25 (1976)(§ 2255 case). He is required to demonstrate that the transcript is necessary for the proper disposition of his claims. Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985). In the motion he filed in the district court, however, Watson failed to identify any issues for which a transcript was needed to prepare pleadings with which to raise such claims in a collateral proceeding. And, this court will not consider issues raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Watson's motion reflects that he was seeking to review the trial court record to determine pertinent dates and identify witnesses and trial testimony so as to assert postconviction claims through the use of some in innominate procedural vehicle. Watson is not entitled to conduct a "fishing expedition" to locate possible errors. Cf. Jackson v. Estelle, 672 F.2d 505, 506 (5th Cir. 1992). In addition, Watson's arguments, made for the first time on appeal, reflect that his knowledge of his claims is sufficient to enable him to seek collateral relief without obtaining a transcript.

Watson's claims have no arguable merit. His appeal is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

APPEAL DISMISSED.